2010 WL 2132240
Only the Westlaw citation is currently available.
United States District Court, W.D. Virginia,
Lynchburg Division.

William Wallace SMITH, III, Plaintiff
v.
VIRGINIA MILITARY INSTITUTE, et al., Defendants.

Civil Action No. 6:09–CV–00053.
|
May 27, 2010.

West KeySummary

1 **Education**
Proceedings and review
**Constitutional Law**
Disciplinary proceedings

Military institute student's disciplinary dismissal for making a false statement did not violate his right to due process. Student was given adequate notice of the charges and was provided an opportunity to be heard. Student was dismissed following an investigation, a pre-trial proceeding, a trial in a student-run court, and a review of the court's decision by the superintendent and appeals board. 42 U.S.C.A. § 1983.

Cases that cite this headnote

**Attorneys and Law Firms**

William Wallace Smith, III, Richmond, VA, pro se.

Mike F. Melis, Attorney General of Virginia, Richmond, VA, for Defendants.

*MEMORANDUM OPINION*

NORMAN K. MOON, District Judge.

***1** The pro se plaintiff in this matter, William Wallace Smith, III, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that his constitutional right to due process was violated when he was permanently dismissed as a cadet at the Virginia Military Institute ("VMI") after having been found not guilty of plagiarism, but guilty of making a false official statement regarding the alleged plagiarism. Plaintiff seeks monetary damages and injunctive relief.[2] The matter is now before the court upon consideration of defendants' motion to dismiss, plaintiff's response thereto, and defendant's reply; the parties' oral arguments were presented at a hearing on March 23, 2010. Because plaintiff's constitutional right to due process was not violated, the motion to dismiss will be granted for failure to state a claim upon which relief may be granted.[3]

Regarding motions to dismiss, I accept as true the facts alleged in the complaint, applying the pleading standard established by *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *See also* Fed.R.Civ.P. 12(b)(6), Fed.R.Civ.P. 8. Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," facts that "have nudged their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at ——, 129 S.Ct. at 1949.

The complaint and amended complaint were submitted with a number of exhibits in support, to which plaintiff refers throughout. When dismissing a complaint for failure to state a claim upon which relief may be granted, courts may consider exhibits attached to the complaint. *Secretary of State v. Trimble Navigation,* 484 F.3d 700, 705 (4th Cir.2007). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." *United States ex rel. Constructors, Inc. v. Gulf Ins. Co.,* 313 F.Supp.2d 593, 596 (E.D.Va.2004) (citing *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir.1991)); *see also Anheuser–Busch v. Schmoke,* 63 F.3d 1305, 1312 (4th Cir.1995), *vacated and remanded on other grounds,* 517 U.S. 1206, 116 S.Ct. 1821, 134 L.Ed.2d 927 (1996). Although as a

general rule extrinsic evidence is not considered at the 12(b)(6) stage, when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic v. Trigon Healthcare,* 367 F.3d 212, 234 (4th Cir.2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir.1999)). Here, the extrinsic evidence has not been submitted by defendant; rather, it has been submitted by plaintiff, and is explicitly integral to and referenced by plaintiffs' complaint. Furthermore, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.,* 164 Fed. App'x. 395, 396–97 (4th Cir .2006); *see also Gasner v. Dinwiddie,* 162 F.R.D. 280, 282 (E.D.Va.1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint). Plaintiff's exhibits are referred to throughout his complaint, and the authenticity of the documents is not disputed. Accordingly, it is not necessary to convert the motion to dismiss into a motion for summary judgment.

***2** The record plaintiff submitted in support of his complaint indicates the following undisputed facts.

The single sanction for a violation of the Honor Code at VMI[4] is expulsion. *See* Amended Complaint Ex. 1, The Honor System, General Policies, 8. In the fall semester of 2007, plaintiff was dismissed from VMI after a VMI Honor Court found him guilty of violating the Honor Code. Subsequent to a jury trial, the Honor Court found that, in December 2006, plaintiff made a false official statement on a paper submitted for a grade in a Spanish class. Plaintiff's paper contained a signature block with the name of another cadet, Dawson Boyer, and the date "11 Nov 2005." This date corresponded with the semester in which Cadet Boyer took the same class from the same professor, who generally used the same syllabus and made the same assignment each year. *See* October 4, 2007, Transcript attached to Amended Complaint ("Tr.") 30, 35. The signature block contained the phrase "Help Received: None," and plaintiff hand-wrote the same phrase on the front of the paper. *See* Amended Complaint, Ex. 5.

VMI's grading policy, applicable to all written work for a grade in that Spanish class, required cadets to include "help received" conspicuously on the document with one of two additional statements. Tr. 63. The cadet must either state "none," meaning no help was received, or explain the detail and nature of any help received. *Id.* Each cadet is responsible for familiarizing himself or herself with grading policies and violation of such policies is a violation of the Honor Code. *See* Amended Complaint Ex. 1, The Honor System, General Policies, 3.

As a result of the discrepancy between the two statements —"help received: none," and yet the name of another cadet in the signature block with a date from the previous year when the same professor assigned the same paper—the professor referred the matter to his department head. *See* Tr. 36; Amended Complaint ¶ 12. In accordance with the Honor Court's Standard Operating Procedures ("Honor Court SOP"), if the department head determines that the evidence suggests an Honor Code violation, he or she refers the matter to the Dean. *See* Amended Complaint ¶ 12. If the Dean makes the same determination, he or she refers the matter to the Honor System's Prosecutors for further investigation. *Id.*

The Prosecutor conducted an investigation of plaintiff's suspected Honor Code violation and, pursuant to Honor Court SOP, submitted the proposed charges and evidence to the Superintendent's Representative. *Id.* ¶ 16. Honor Court SOP then required the Superintendent's Representative to determine if sufficient evidence existed to support an Honor Code violation. *Id.* If the Superintendent's Representative makes such a determination, he submits the proposed charges and evidence to the Superintendent for his review. *Id.* Here, the Superintendent reviewed the proposed charges and evidence and, as required by Honor Court SOP, determined that sufficient evidence existed to authorize a Pre–Trial,[5] wherein plaintiff was formally notified of his charges, the evidence against him, and his rights, including his right to counsel. *Id.* ¶¶ 17–18, 21. The formal charges lodged against plaintiff alleged "Violations of the Honor Code of the Virginia Military Institute, Article # 1 by making a False Official Statement, and Article # 3 by Cheating." *See* Amended Complaint Ex. 8, Charge Sheet. The Specifications were that plaintiff "did on or about December 7th, cheat on a paper in SP–303W (i.e. plagiarizing work from cadet BoyerJE)," and that he

"did on or about December 7th, make a False Official Statement (i.e. writing "Help Received: None" on a paper plagiarized from cadet BoyerJE)." *Id.*

***3** Plaintiff's Honor Court trial on the charges of cheating and making a false official statement was held on October 4, 2007. *See* Tr. Although plaintiff is proceeding pro se in the instant action, he was represented by an attorney during the Honor Court trial and presented testimony and other evidence in his defense. *See* Amended Complaint ¶ 24. On direct examination after the Prosecutor presented evidence, plaintiff testified that he did not plagiarize the paper from Cadet Boyer, but admitted that he had received help from Cadet Boyer: "Before I turned the ... paper in, Dawson [Boyer] helped me on it...." Tr. 67. Plaintiff further testified as follows:

> Q: So Cadet Boyer helped you on your paper. There is no discrepancy there. We all agree on that. And we also agree that you failed to cite his help when you turned it in; is that true?
>
> A: Well, pretty much true.

Tr. 68. According to plaintiff, both his typing "Help Received: None" under Dawson Boyer's name and his handwritten entry of "Help Received: None" on the paper were mere oversights. *Id.* at 67–69. [6]

Plaintiff called Cadet Boyer to testify as a defense witness. According to Cadet Boyer, he did not write the paper in question. *Id.* at 59. On cross-examination, Cadet Boyer testified that he did help plaintiff with the paper:

> Q: Did you help him on it?
>
> A: I looked it over for him, just like for—just, you know, like proofread kind of, and just told him that he should maybe look over it again and check his verb tenses, nothing really specific.

*Id.* at 61. Cadet Boyer had also previously provided a certified statement [7] dated April 19, 2007:

> I, Dawson Boyer, aided Cadet Smith by proofreading his paper for verb tense, i.e. [illegible] vs imperfect and the conjugation of those verbs. I told him after reviewing it that he should check over those, also I helped by reviewing such grammatical errors that would include the verb tense. My review never directly corrected verbs but simply told him that he might want to look over such verbs and their conjugations.
>
> Amended Complaint Ex. 7, Certified Statement. [8]

At the close of evidence, the jury was instructed on the presumption of plaintiff's innocence and the prosecution's burden of proving its case beyond a reasonable doubt. *See* Tr. 102. The jury also was provided with the standard instructions for the charges cheating and of making a false official statement. *Id.;* Amended Complaint Ex. 2, Honor Court SOP at 80–81. The jury acquitted Plaintiff of the cheating charge but found him guilty of making a false official statement. Amended Complaint ¶ 6 and Ex. 10, Summary of Honor Case. Pursuant to Honor Court SOP, General Peay, the Superintendent, reviewed the Summary of Honor Case and approved the verdict. Amended Complaint Ex. 2, Honor Court SOP at 23 and Ex 10, Summary of Honor Case. On October 5, 2007, Plaintiff was "drummed out," or expelled, from VMI. Plaintiff retained new counsel who, on December 18, 2007, filed an appeal with the Board of Visitors pursuant to Honor Court SOP. Amended Complaint ¶¶ 63, 64, 66–67. Both Plaintiff's appeal and his subsequent Petition to Reconsider Appeal were denied by the Board.

***4** Plaintiff alleges that defendants deprived him of his right to due process of law when he was dismissed from VMI because the procedures by which he was tried by the Honor Court were deficient. A claim for a deprivation of due process—whether procedural or substantive—requires the plaintiff to show that (1) he has a constitutionally protected "liberty" or "property" interest and (2) that he has been deprived of that interest by state action. *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 167, 172 (4th Cir.1988); *see also Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A person does not have a property interest merely because he has an abstract need or desire or unilateral expectation of that property interest. *Roth,* 408 U.S. at 577. Instead, a person must have a legitimate claim of entitlement to the property interest, which is created not by the Constitution, but by existing rules or understandings that stem from an independent source such as state law. *Id.* Therefore, plaintiff could not have a property interest in his continued enrollment at VMI, or in his expectation of receiving a degree from VMI, unless there is an underlying state created interest. I will assume, however, for the purposes of this litigation, that plaintiff had a protected property interest in his VMI education. *See, e.g., Henson v. Honor Comm. of Univ. of Va.,* 719

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works. 

F.2d 69, 73 (4th Cir.1983) (assuming student had property interest); *Cobb v. Rector & Visitors of Univ. of Va.,* 69 F.Supp.2d 815, 826 ("*Cobb I* ") (W.D.Va.1999) (same); *but see Davis v. George Mason Univ.,* 395 F.Supp.2d 331, 335–36 (E.D.Va.2005) (holding that student did not have property interest in continued enrollment in a public education institution).

In the student disciplinary context, the Due Process Clause requires that a student must receive notice and an opportunity to be heard. *Tigrett v. Rector & Visitors of Univ. of Va.,* 137 F.Supp.2d 670, 674–75 (W.D.Va.2001); *see also Goss v. Lopez,* 419 U.S. 565, 581, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975).[9] Plaintiff has failed to state a claim of a violation of his right to due process regarding his disciplinary dismissal for making a false statement. The crux of the complaint is plaintiff's allegation that, having been found not guilty of plagiarism, he could not have been found guilty of making a false statement regarding the alleged plagiarism. However, as shown by the preceding factual and evidentiary summary, plaintiff was given adequate notice of the charges and was provided an opportunity to be heard. Plaintiff was dismissed subsequent to the following: an investigation; pre-trial proceedings; a trial in a student-run VMI Honor Court, monitored by one of the defendants, Captain Reister (the Superintendent's Representative); a review of the Honor Court's decision by General Peay, Superintendent of VMI; and the Board of Visitors' denial of plaintiff's appeal. Plaintiff was represented by counsel throughout these proceedings. In the context of student discipline, the minimum requirements of due process are "notice and an opportunity to be heard," and plaintiff here was accorded all the process due to him, given that he had notice and an opportunity to be heard. *Goss,* 419 U.S. at 579–81; *Cobb v. Rector and Visitors of Univ. of Va.,* 84 F.Supp.2d 740, 749 ("*Cobb* II") (W.D.Va.2000). Plaintiff's exhibits submitted in support of his complaint indicate that he had more than adequate notice of the false statement charge and was not deprived of any opportunity to defend himself against that charge. Thus, assuming the "veracity" of plaintiff's factual allegations, they do not "plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at ——, 129 S.Ct. at 1950. Plaintiff has failed to show that his constitutional right to due process has been violated,[10] and the complaint must be dismissed for failure to state a claim upon which relief may be granted.[11]

***5** For the stated reasons, Defendant's motion to dismiss (docket no. 7) will be granted, and this matter will be stricken from the active docket of the court.

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to the pro se plaintiff.

*ORDER*

For the reasons stated in the accompanying memorandum opinion, Defendant's motion to dismiss (docket no. 7) is GRANTED, and the matter is STRICKEN from the active docket of the court.[*]

The Clerk of the Court is directed to send a certified copy of this order and the accompanying memorandum opinion to all counsel of record and to the pro se plaintiff.

It is so ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2132240

Footnotes

1 Although the complaint and amended complaint do not correctly allege jurisdiction, I will construe the complaint as alleging jurisdiction vested under 28 U.S.C. §§ 1331 and 1343.

2 Plaintiff does not seek reinstatement as a student at VMI.

3 To the extent the complaint could be construed to state an actionable claim against the defendants under state law, I decline to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c). Plaintiff is advised that 42 U.S.C. § 1983 protects only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law. *See, e.g., Wright v. Collins,* 766 F.2d 841, 849 (4th Cir.1985).

4 VMI is a state-supported military college, which is at all times subject to the control of the General Assembly of Virginia. *See* Va.Code § 23–92; Amended Complaint ¶ 3. Its Board of Visitors is appointed by the Governor of Virginia and the Adjutant General, *ex officio,* subject to confirmation by the General Assembly. *See* Va.Code § 23–93. VMI has an Honor

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works. 

Code that prohibits lying, cheating or stealing. *See* Amended Complaint Ex. 1, The Honor System. The Honor Code has been administered and enforced by VMI's cadets since its founding. *Id.*

5 The Honor Court SOP only required General Peay to find that sufficient evidence existed to support an honor code violation before authorizing a Pre–Trial. *See* Amended Complaint Ex. 2, Honor Court SOP at 6.

6 Plaintiff testified that, when he typed Boyer's name on the paper, he meant to identify Cadet Boyer as a student from whom he had received help. He also testified that the erroneous date on the paper, corresponding with the dates when Boyer took the same class, was some sort of computer "auto-complete" error, and he presented additional testimony in an attempt to further this argument. Tr. 69–70.

7 Under the Honor Code, any statement made to an instructor is defined as an "official statement" and deemed "certified." *Id.* at General Policies, 1(b). The word "certified," according to the Honor Code, "IMPLIES RELIABILITY, VALIDITY AND COMPLETE TRUTH. DECEITFUL ACTS OR STATEMENTS, HALFTRUTHS, EVASIVE ANSWERS, OR QUIBBLING WILL NOT BE TOLERATED." *Id.* at General Policies, 1. "Quibbling" is defined as "[o]ral or written statements that are only partially true, evasive, or otherwise misleading made with the intent to deceive." *Id.* at General Policies, 7.

8 It appears that this statement was provided to Plaintiff during Pre–Trial, well before the October Honor Court trial. *See* Amended Complaint Ex. 2, Honor Court SOP at 21.

9 A disciplinary dismissal, such as the one at issue in the instant case, typically involves a violation of valid rules of conduct, and is more objective and less dependent upon the expertise of professional academics than an academic dismissal. *Bd. of Curators of Univ. of Mo. v. Horowitz,* 435 U.S. 78, 86, 89–90, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978).

10 As stated above, plaintiff's exhibits disclose that defendants did not violate his right to procedural due process. Plaintiff's exhibits also demonstrate that there was cause for the action against him, and thus he was not denied substantive due process. The touchstone of due process is "protection of the individual against arbitrary action of government." *Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). "To establish a violation of substantive due process, a student must demonstrate arbitrary and capricious conduct on the part of university officials by showing that there was no rational basis for the university's decision or must show that the dismissal was motivated by bad faith or ill will unrelated to academic performance." *Cobb* I, 69 F.Supp.2d at 826 (citations omitted). A plaintiff must demonstrate some "egregious official conduct" which constitutes "an abuse of power that shocks the conscience." *Dunn v. Fairfield Community High Sch. Dist. No. 225,* 158 F.3d 962, 965 (7th Cir.1998). Plaintiff's expulsion does not meet this standard; the evidence does not suggest that the conduct of any VMI official rose to a level which shocks the conscience of the court.

11 Plaintiff is advised that a state actor's failure to abide by state law as to procedural matters is not a federal due process issue, and does not provide an independently actionable claim under § 1983. *See, e.g., Riccio v. County of Fairfax, Va.,* 907 F.2d 1459, 1469 (4th Cir.1990).

* As noted in the accompanying memorandum opinion, to the extent the complaint could be construed to state an actionable claim against the defendants under state law, I decline to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c).

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.