**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

2016 AUG 22 P 4:40

| | | |
|---|---|---|
| Robert Hudson Imhoff, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:16-2870 |
| vs. | ) | |
| | ) | |
| The Citadel, The Military College of South Carolina, et al.; Lieutenant General John Rosa; Lieutenant Colonel Robert Sberna; Captain John Ryan; Major Jon Craig; and Captain Lewis Jackson, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's motion for a preliminary injunction seeking to enjoin Defendants from implementing Plaintiff's dismissal as a student from The Citadel for certain alleged disciplinary infractions. (Dkt. No. 4). This suit and the motion for preliminary injunction were filed on August 18, 2016, days before the beginning of class on August 24, 2016. The Court set a hearing on the motion for preliminary injunction for August 22, 2016. (Dkt. No. 7).[1] Defendants filed a memorandum in opposition to the motion. (Dkt. No. 11). The Court conducted a hearing on August 22, 2016, in which counsel were afforded a full right to address the legal and factual issues related to the motion for preliminary injunctive relief. At the completion of the hearing, the Court orally denied the motion for preliminary injunction, with the Court's findings and reasoning now set forth more fully below.

[1] In that same order, the Court denied the Plaintiff's motion for a temporary restraining order, finding that Plaintiff had not met the requirements set forth in Fed. R. Civ. P. 65(b)(1)(B). (Dkt. No. 7).

## Legal Standard

It is well settled that a preliminary injunction is an extraordinary remedy and is "applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.3d 802, 811 (4th Cir. 1991). The moving party carries the burden of proof and must meet the standards set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008): (1) likelihood to succeed on the merits; (2) the moving party will likely suffer irreparable injury if the preliminary injunction is not granted; (3) the balance of equities tips in the favor of the moving party; and (4) the injunction is in the public interest.

A student who faces dismissal from a public institution of higher learning is entitled to certain rights under the Fourteenth Amendment of the United States Constitution, which include (1) notice of the charges against him; (2) the names of the witnesses against him; (3) a hearing in which the student has an opportunity to be heard, present witnesses and contest the charges against him; and (4) sufficient evidence to demonstrate that the decision was not arbitrary and capricious. *Henson v. Honor Committee of U. Va.*, 719 F. 2d 69, 73-74 (4th Cir. 1983); *Dixon v. Alabama State Board of Education*, 294 F. 2d 150, 158-59 (5th Cir. 1961); *Vega v. Saleeby*, 2004 WL 3334816 at *6 (D.S.C. 2004). A student facing dismissal is not, however, entitled to a full trial type hearing, and courts are loath to second guess school administrators "on matters within their discretion that do not rise to the level of constitutional deprivations." *Shaw v. Board of Trustees of Frederick Community College*, 549 F.2d 929, 932 (4th Cir. 1976).

## Factual Background

This case arises out of the dismissal of Plaintiff, an upper-class student at The Citadel, for conduct involving first-year students (known at The Citadel as "knobs") that the school asserts

constituted "hazing" under its discipline code and actions taken once an investigation commenced which were allegedly designed to obstruct the school's disciplinary investigation. Citadel freshman are required to maintain their uniforms with perfectly polished brass. If a scratch occurs in the brass, a student can spend hours polishing the object until the scratch is no longer visible. Plaintiff was charged with intentionally damaging the brass of first year students, requiring them to spend unnecessary hours repairing the damage Plaintiff had done to the brass objects. He was also charged with taking various pieces of the first-year students'required brass, compelling them to purchase replacements. It was further alleged that when Plaintiff learned of the school's investigation, he gathered up the brass objects he had damaged so that investigators could not examine the evidence. (Dkt. Nos. 11-7, 11 at 5-8).

Plaintiff was given written notice of the charges against him and a list of witnesses who would testify at a scheduled administrative hearing. (Dkt. Nos. 11-7, 11-12, 11-3). An administrative hearing was held on March 10, 2016, in which Lt. Col. Robert Sberna served as the presiding officer. Numerous witnesses testified for and against Plaintiff and another student who was charged with him. (Dkt. No. 1-5). Prior to the hearing, Plaintiff submitted two written statements. He acknowledged in one statement that "I am aware that what I did was wrong & against the rules. . . I know I should not have scratched belt brass. My justifications are not grounded." (Dkt. No. 11-5 at 3). He further admitted in his hearing that his attempt to hide the damaged objects from investigators was unethical. (Dkt. No. 1-5 at 131).

The hearing officer found the charges against Plaintiff were "proven." (Dkt. No. 11-10 at 3). Following the administrative hearing, a recommendation was made to the President to suspend Plaintiff, a lesser sanction than dismissal. Under college policies, the President is the

final decision maker. The President imposed a sentence of dismissal running from the Plaintiff's last exam of the Spring 2016 semester through the end of the Spring 2017 semester. Plaintiff has the right to reapply for Fall 2017 admission to The Citadel. (Dkt. No. 11-15 at 2).

In this action, Plaintiff argues that he was denied due process by Defendants because the President's decision was not based on "ample evidence" and he was denied "a meaningful opportunity to present evidence." (Dkt. No. 4-1 at 2). Plaintiff alleges that the hearing conducted by Lt. Col Sberna was unfair because the hearing officer "served as prosecutor, judge and jury." Plaintiff argued that the hearing officer "cut off" his witnesses or otherwise prevented them for providing evidence, "overtly encouraged witnesses to provide false testimony," and "demonstrated a complete disinterest in receiving actual facts." (*Id.* at 5).

Defendants, in opposition to the motion for a preliminary injunction, argue that Plaintiff admitted the charges made against him and that his conduct against freshmen students was "quintessentially tyrannical, abusive, and humiliating act by an upperclassman." (Dkt. No. 11 at 5, 6). Defendants further assert that Plaintiff's actions constituted a "serious disciplinary matter," and that Court interference with The Citadel's disciplinary system would undermine the school's academic mission of developing principled and honorable leaders. (*Id.* at 2).

**Discussion**

It is notable that Plaintiff does not argue that The Citadel failed to follow its written procedures, guaranteeing him notice of the charges, identification of witnesses and a hearing in which he had the right to appear and contest the charges. Instead, Plaintiff contends that the hearing officer failed to conduct a full and fair hearing and the President's decision lacked substantial evidence to support it.

The Court has reviewed the hearing transcript in this matter and finds Plaintiff's argument that he was prevented from offering evidence in support of his position unpersuasive. Further, Plaintiff had an additional opportunity to offer evidence and argument in his appeal to the President, which totaled eleven and half pages single spaced. (Dkt. No. 11-16 at 11). The Court has identified no area where Plaintiff was denied the right to present evidence or to assert any particular defense.

In the course of oral argument on the motion for preliminary injunction, the Court asked Plaintiff's counsel to identify any material evidence that the hearing officer and/or the President failed to receive due to The Citadel's disciplinary procedures. Plaintiff's counsel claimed that Plaintiff was not allowed to argue that the first-year students had consented to his damaging of their property. This issue, however, was raised by Plaintiff in his personal statements and addressed during the hearing. Plaintiff conceded to the hearing officer that since he was a person in authority, the first-year students had no choice but to acquiesce to his damaging of their property and that any such acquiescence would not represent voluntary consent. (Dkt. 1-5 at 127-28, 130).

Contrary to the Plaintiff's argument that there is not substantial evidence to support the findings of the hearing officer, the Court finds that the record amply supports the administrative finding that the charges against Plaintiff were "proven." Indeed, Plaintiff himself admitted the charges were true. In sum, the Court finds that Plaintiff has failed to carry his burden of showing a likelihood of success on the merits regarding his due process or breach of contract claims. Moreover, the Court is not persuaded that the equities in this matter favor the Plaintiff or that the grant of a preliminary injunction is in the public interest.

## Conclusion

Based upon the foregoing, the Court finds that Plaintiff has failed to carry his burden of demonstrating likelihood of success on the merits. Further Plaintiff has failed to show that the equities tip in favor of the Plaintiff or that the grant of a preliminary injunction is in the public interest. Consequently, Plaintiff's motion for a preliminary injunction is DENIED.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

August 22, 2016
Charleston, South Carolina